**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Town of Fairfax     }
                                    }
                                    }     Docket No. 45-3-03 Vtec
                                    }
                                    }

<u>Decision and Order on Motion for Summary Judgment</u>

The Town of Fairfax and Colleen Steen each appeal from a decision of the Development Review Board (DRB) of the Town of Fairfax, approving Appellee-Applicants= application for Final Plat Approval for an eleven-lot major subdivision. Appellant Town of Fairfax is represented by Robert E. Farrar, Esq.; Appellant Colleen Steen is represented by Gary L. Franklin, Esq.; Appellee-Applicants Lawrence Young, Sr., Barbara Young, Steven McDonald and Kathleen (formerly Spacapan) McDonald (Applicants) are represented by Vincent A. Paradis, Esq. Appellee-Applicants have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellee-Applicants Lawrence and Barbara Young and Steven and Kathleen McDonald own adjacent parcels of land located in the Growth Center zoning district on the west side of Vermont Route 104. In July of 2001, they applied to subdivide land totaling approximately 5.9 acres into eleven residential lots. In connection with the subdivision the parties propose that the approximately 3.129-acre McDonald property will be conveyed to the Youngs, who own the remaining 2.776 acres of the proposed subdivision.

The McDonalds= predecessors were Robert Young and Marlene Tillery. The McDonald property has 189 feet of frontage on Route 104, located between property of Hudson[1] (to the north) and property of Appellant Steen (to the south), and extending in back of and to the south of the Steen parcel. The next property southerly along Route 104 from the Steen property is that of the First Baptist Church. The portion of the Young property that is proposed to be developed as part of this subdivision is located behind and to the south of the First Baptist Church property.

Two existing rights-of-way serve the property proposed for the subdivision. One fifty-foot-wide right-of-way, in favor of Applicant Lawrence Young, Sr., runs from Route 104 across the First Baptist Church property (fairly close to its boundary with the Steen property) to the Young property proposed as part of this subdivision. A narrow, private gravel street known as Tuttle Street runs along that right-of-way and provides access to an existing residence located on what is proposed as Lot 7 of the subdivision, and to an existing garage/shop building located on what is proposed as Lot 8 of the subdivision.

A fifty-foot-wide right-of-way in favor of Applicants Young runs from Route 104 across the northerly side of the McDonald property, adjacent to the Hudson and other Young properties. This right-of-way serves the proposed subdivision and provides access for other Young (and former Young) property to the north (not shown on the subdivision plan). The strip of land lying under this right-of-way is owned by the McDonalds. The warranty deed from Robert Young and Marlene Tillery to Steven McDonald and Kathleen Spacapan referred to the fact that the property was subject to a right-of-way in favor of Lawrence Young, Sr., and Barbara Young, as set forth in a warranty deed[2] dated March 27, 1996, and recorded at Book 97, Page 28 of the land records.

At the westerly end of this right-of-way is property owned by the Town of Fairfax, on which is located the Fairfax Fire Department building. A right-of-way at least twenty-five feet in width, in favor of the Town of Fairfax, runs down Applicants= fifty-foot-wide right-of-way, providing access to Route 104 for the Fire Department. The warranty deed from Robert Young and Marlene Tillery to Steven McDonald and Kathleen Spacapan referred to the fact that the property was subject to a right-of-way in favor of the Town of Fairfax, by quitclaim deed dated December 18, 1987 and by quitclaim deed dated February 28, 1989, as well as to the right-of-way for Lawrence Young, Sr., and Barbara Young.

A paved private road constructed and maintained by the Town, known as Goodall Street, runs along the Town= s right-of-way to the Fire Department= s bituminous concrete parking area. Goodall Street is used by the Town of Fairfax Fire Department and Rescue Squad and by residences to the north on the other Young (or former Young) properties.

The proposed subdivision has access to Route 104 by both existing rights-of-way. However, Applicants propose to use the Tuttle Street right-of-way for access to the proposed lots only during the construction of the project. Upon completion of the project, Applicants Young propose to relinquish the Tuttle Street right-of-way[3] to the First Baptist Church, so that the private subdivision roadway serving the proposed lots would have access to Route 104 solely along the Goodall Street right-of-way.

Any issues to do with the adequacy of the Goodall Street access to serve the proposed subdivision are beyond the scope of the statements of questions or the motion for summary judgment in the present appeal. The parties dispute whether the Town has control or exclusive authority over the Goodall Street right-of-way, and, if so, whether that fact precludes its use for access to the proposed subdivision.

When the Town was developing its fire station property in 1987, Robert Young and Marlene Tillery granted the Town of Fairfax, by quitclaim deed, A a right-of-way, 50 feet in width@ from Route 104 across their property to the Town= s parcel of land. In the deed, the Robert Young and Marlene Tillery reserved A to themselves, their heirs and assigns, the right to use said right of way in common with the Grantee, and others.@ This deed was recorded in the Town= s property records. The Town= s easement or right-of-way was therefore non-exclusive, and was shared with Applicants Young (by virtue of the 1986 easement to them), and with the Grantors Robert Young and Marlene Tillery.

In 1988, the Town of Fairfax obtained conditional use approval from the then-Zoning Board of Adjustment (ZBA) to build a fire station and rescue unit on the Town= s parcel of land, with access provided by the right-of-way granted to the Town by Robert Young and Marlene Tillery. This permit was never appealed and became final.

Section 410 of the Zoning Bylaws in effect in 1988 required structures to be set back at least fifty feet from the edge of any public or private right-of-way[4]. While that requirement was only applicable to new structures, some concern must have been expressed in the 1988 zoning proceedings that the placement or width of the Town= s right-of-way might make the existing buildings on the adjacent properties non-conforming with the provisions of ' 410. There was only about 125 to 127 feet of distance between an existing house on the Hudson property and an existing house on the Robert Young/Marlene Tillery property, so that a 25-foot-wide right-of-way placed eleven feet from the Hudson property boundary would have provided the fifty-foot setback for both houses.

While it is beyond the authority of a zoning board to require the reformation of a deed, the 1988 ZBA decision required as a condition of approval that the right-of-way be established in that location and required that the deed from Robert Young to the Town be A re-written@ to reflect

those changes. It also required, A if and when@ the right-of-way A is expanded@ to fifty feet in width, that the town shall have access to it. (In fact, the right-of-way held by Applicants Young since March of 1996 already was fifty feet in width, but there are indications in the context that the ZBA was using the term > right-of-way= interchangeably at times to mean the traveled roadway rather than the easement.)

The 1988 ZBA decision also required that the Town A shall have control of the use of the right-of-way,@ that A warning lights and road signs shall be erected on Route 104,@ and that A there shall be no parking on@ the right-of-way.

On February 28, 1989, Robert Young and Marlene Tillery signed a subsequent quitclaim deed for the sole purpose of modifying A the width of the right of way as stated in the [1988] deed. Said right of way shall be 25 feet in width instead of 50 feet.@ This subsequent deed was apparently drafted to carry out the provisions of the 1988 ZBA decision. While the copies of the 1989 deed submitted by the parties do not reflect acceptance by the Town of the narrower right-of-way, or recording of the deed in the land records, the Town does not contest that its right-of-way was reduced to twenty-five feet in width by this deed.

Thus, Applicants Young hold a fifty-foot-wide right-of-way to serve the proposed subdivision, and Applicants McDonald own the land in fee subject to that right-of-way. The same strip of land is subject to the Town= s right-of-way to serve the fire station property, but that right-of-way is non-exclusive. The Applicants= rights to the fifty-foot-wide strip of land at Goodall Street are sufficient to meet the requirements of the Zoning Bylaws and Subdivision Regulations, as amended in 2002, without considering that Applicants Young also hold rights to the Tuttle Street right-of-way.

We find no provision of those ordinances that require a fifty-foot right-of-way for the proposed project, nor have the parties pointed out any. The most that appears to be required by the Zoning Bylaws and Subdivision Regulations is a minimum of forty feet in width (Appendix A to the Subdivision Regulations, ' 1.0(K)); compare a minimum of twenty-five feet in width required by ' 5.1 of the Zoning Bylaw (with approval of the DRB).

The Town argues that the 1988 ZBA Decision granted the Town exclusive control over the Goodall Street right-of-way, defeating Applicants= attempts to use it for access to their proposed subdivision. However, all that the ZBA had authority to do in that decision was to impose conditions on the Town= s use of the right-of-way, not to impair the property rights of the other landowners having rights in the same property. The condition giving the Town A control of the use of the right of way@ must be read together with the limitations on parking within the right-of-way (roadway) and the condition requiring the Town to install warning lights and road signs. That is, approval of the construction and use of the Town= s property for a fire station was conditioned on the Town= s provision of safe access to Route 104 for the fire department and rescue squad functions. The Town may regulate the use of Goodall Street in that governmental capacity; but, as a landowner with rights to the right-of-way, it must share the use of that fifty-foot strip of land with the owner of the land (Applicants McDonald) and the owner of the prior easement (Applicants Young).

Accordingly, based on the foregoing, Appellee-Applicants Lawrence and Barbara Young= s Motion for Summary Judgment is GRANTED, as discussed above. We note that at the February 13, 2004 conference, we scheduled a telephone conference for March 15, in connection with rescheduling the merits hearing for March 22, 2004. However, to assist the Court and the parties in determining the scope of the remaining issues, we will also hold a telephone conference (notice enclosed) at 11 a.m. on February 27, 2004, to discuss whether this decision renders the Tuttle Street issues moot.

Done at Barre, Vermont, this 24th day of February, 2004.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]   The property directly behind Hudson is also owned by Applicants Young, but it is not part of the proposed subdivision.

[2.]   This 1996 deed has not been provided by the parties in connection with the pending motions.

[3.]   Any issues raised by the Steen Statement of Questions regarding whether the proposed use of the Tuttle Street right-of-way complies with §§3.3(A), 5.1, and 5.8 of the Zoning Bylaws, or with Article VI, §§601(3) and 601(10), or with §1.0.L of Appendix A of the Subdivision Regulations, may become moot if Applicants' access to the proposed subdivision via Goodall Street is approvable. Because Applicants propose only to use Tuttle Street during the construction period of the project and do not propose otherwise to obtain access to the proposed lots via Tuttle Street, we do not address the Tuttle Street issues at this time, and will discuss this question at the next conference (see final paragraph of this order).

[4.]   Section 3.4 of the current Zoning Bylaws requires a minimum setback of thirty feet to the edge of a traveled road.